**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| ANTHONY WOODS, S. MADELINE SHADD, CARMON Y. SMITH, TAMARIA SANDERS, SASSAH HENRY, AND MARCIA BAKER On behalf of THEMSELVES and All Others Similarly Situated, | ) ) ) ) ) ) | CIVIL ACTION |
| | ) | CASE NO. 3:11-cv-0044 |
| *Plaintiffs* | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RHA/TENNESSEE GROUP HOMES, INC. d/b/a STONES RIVER CENTER | ) ) | |
| | ) | |
| *Defendant.* | ) | |

### [~~PROPOSED~~] INITIAL CASE MANAGEMENT ORDER

**A.      JURISDICTION AND VENUE**

This Court has jurisdiction over Plaintiffs' claims under 29 U.S.C. § 201 et seq. and 28 U.S.C. § 1331.  Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant RHA/Tennessee Group Homes, Inc. d/b/a/ Stones River Center ("Stones River Center") conducts business in this district.

**B.      BRIEF THEORIES OF THE PARTIES**

**1)      Plaintiffs' Theory of the Case**

Plaintiffs brought this Fair Labor Standards Act ("FLSA") collective action, on behalf of similarly situated hourly employees, against Stones River Center to challenge its automatic 30-

minute meal period deduction (the "Meal Break Deduction Policy"[1]). Because Stones River Center's employees are not provided 30-minute *bona fide* meal periods, as defined by the FLSA, Plaintiffs allege that the Meal Break Deduction Policy violates the FLSA.

Plaintiffs have brought this lawsuit as a collective action, pursuant to 29 U.S.C. § 216(b), on behalf of all of Stones River Center's hourly employees who have worked at Stones River Center's Murfreesboro, Tennessee facility at any time since January 13, 2008 and whose pay is subject to the Meal Break Deduction Policy. These employees include, but are not necessarily limited to, Direct Support Professionals (including R.T.'s, P.A.'s, and Lead Techs), Program Instructors, and Assistant Home Managers/Assistant Site Managers.

Plaintiffs are all current or former employees of Stones River Center who worked in its Murfreesboro, Tennessee facility. Plaintiffs work as caretakers of mentally disabled individuals who are provided 24-hour care by Stones River Center ("the patients"). Stones River Center is a government contractor that is reimbursed by the State of Tennessee's Medicaid program, TennCare, for the services it provides the patients.

Stones River Center requires Plaintiffs to provide constant care to the patients, due to their limited physical and mental abilities. Plaintiffs are required to bathe, dress, and feed, the patients, as well as to engage in behavior-specific exercises or activities intended to address a patient's individualized needs. The care Plaintiffs and those similarly situated provide to the patients is constant and mandated by Stones River Center to be maintained on a 24-hour basis. Indeed, to ensure that an appropriate level of care is provided, Stones River Center is subject to

---

[1] For ease of reference Plaintiffs have characterized the policy at issue as the "Meal Break Deduction Policy." Plaintiffs do not claim that Stones River Center has actually labeled this policy accordingly.

strict government regulations concerning the ratio of its caretakers to its patients. Oftentimes during the applicable time period, Stones River Center has not employed an adequate number of workers to allow its workers to take meal breaks while maintaining the appropriate ratio between caretakers and patients.

Instead of providing uninterrupted meal breaks to its hourly workers, as mandated by the FLSA, Stones River Center requires that its workers, including Plaintiffs and those they seek to represent, work throughout their shift. Accordingly, Stones River Center's Meal Break Deduction Policy violates the FLSA by improperly deducting 30-minutees of pay each shift to Plaintiffs and those they seek to represent. Additionally, Plaintiffs assert that Stones River Center's failure to properly pay Plaintiffs and those they seek to represent in accordance with the FLSA was neither reasonable, nor in good faith. Finally, Plaintiffs claim that Stones River Center's deduction of 30-minutes of pay each shift constitutes a willful violation of the FLSA.

### 2) Defendant's Theory of the Case

In this case Plaintiffs and the Opt-Ins allege that they routinely work through their meal breaks and have not been properly paid pursuant to the Fair Labor Standards Act (FLSA). Plaintiffs allege that Defendant is not providing 30 minute bona fide meal periods under the FLSA and that Defendant has an automatic 30 minute meal period deduction which facilitated the alleged violations. Defendant vigorously denies the allegations and it incorporates all of its affirmative defenses contained in its amended answer. Generally, Defendant avers that Plaintiffs and the Opt-Ins are not similarly situated and should not be allowed to bring a collective action. Defendant avers that all employees, including Plaintiffs and the Opt-Ins, were properly paid under the FLSA; and that Defendant had policies in place to insure such payment. Thus, Defendant denies that Plaintiffs and the Op-Ins were regularly required to perform compensable

work during unpaid meal breaks for which they received no pay. Alternatively, Defendant avers that Plaintiffs and the Opt-Ins falsified their time sheets, falsely certified their time sheets as being accurate, and failed to follow Defendant's procedures and policies. Further, in the alternative, the collective bargaining agent, including the union stewards, for the employees failed to fairly, adequately, and diligently represent the members of the proposed class and to vigorously enforce the collective bargaining agreement thereby breaching the collective bargaining agreement to Defendant's detriment. Some of the named Plaintiffs did exercise their individual rights under the collective bargaining agreement, while failing to fulfill their obligations to other members of the bargaining unit as officers of the union. Other Plaintiffs and Opt-Ins did not avail themselves of readily available remedies to address the allegations in the amended complaint and are therefore barred and estopped from pursuing this action. To the extent that the court has to interpret or refer to the collective bargaining agreement to decide the issues in this case, the issues in this case are preempted.

Lastly, Defendant avers that Plaintiff Henry was terminated for legitimate, nondiscriminatory, non retaliatory business reasons unrelated to this lawsuit or other improper motive. Plaintiff Henry cannot prove a causal connection between Defendant's alleged act of retaliation and any protected activity of hers.

    **C.**    **ISSUES RESOLVED:** Jurisdiction and venue.

    **D.**    **ISSUES STILL IN DISPUTE:** Liability and damages.

    **E.**    **INITIAL DISCLOSURES:**

The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before May 13, 2011.

**F.     DISCOVERY:**

The parties shall complete all written discovery and depose all fact witnesses on or before October 14, 2011. Discovery is not stayed during dispositive motions, unless ordered by the court. Local Rule 9(a)(2) is expanded to allow 40 interrogatories, including subparts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and are unable to resolve their differences and have scheduled and participated in a conference call with Judge Trauger.

**G.     MOTIONS TO AMEND:**

The parties shall file all Motions to Amend on or before August 1, 2011.

**H.     DISCLOSURE OF EXPERTS:**

The Plaintiffs shall identify and disclose all expert witnesses and expert reports on or before July 1, 2011. The Defendants shall identify and disclose all expert witnesses and reports on or before August 12, 2011.

**I.     DEPOSITIONS OF EXPERT WITNESSES:**

The parties shall depose all expert witnesses on or before September 30, 2011.

**J.     JOINT MEDIATION REPORT:**

The parties shall submit a joint mediation report on or before June 24, 2011.

**K.     DISPOSITIVE MOTIONS:**

The parties shall file all dispositive motions on or before November 18, 2011. Responses to dispositive motions shall be filed within twenty (20) days after service. Optional replies shall be filed within ten (10) days after service of the response. Briefs shall not exceed 20 pages. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing

a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the court.

**L.** **ELECTRONIC DISCOVERY:**

Stones River Center has committed to providing Plaintiffs with a list of electronically stored information and a proposal for a how the parties may conduct discovery with respect to such information prior to the April 15, 2011 Case Management Conference in this matter. Plaintiffs are unaware of any electronically stored information in their possession that is relevant to this lawsuit.

The parties will confer in good faith to reach an agreement as to how electronic discovery should proceed in this matter. However, should the parties be unable to reach an agreement on how electronic discovery should provide by April 22, 2011, they will conduct electronic discovery in accordance with Administrative Order No. 174.

**M.** **ESTIMATED TRIAL TIME:**

The parties expect the trial to last approximately 5 days.

It is so **ORDERED.**

_____
**ALETA A. TRAUGER**
**U.S. District Judge**

**APPROVED FOR ENTRY:**                              Dated:  April 12, 2011

/s/ David W. Garrison_____
**GEORGE E. BARRETT**
**DAVID W. GARRISON**
**SCOTT P. TIFT**
BARRETT JOHNSTON, LLC
217 Second Avenue North

Nashville, TN 37201
(615) 244-2202

*Attorneys for the Plaintiffs*


/s/Edward R. Young  (with permission)
**EDWARD R. YOUNG**
BAKER, DONELSON, BEARMAN,
    CALDWELL & BERKOWITZ, PC
165 Madison Avenue, Suite 2000
Memphis, TN 38103
(901)577-2341
eyoung@bakerdonelson.com

**EMILY H. PLOTKIN**
**BENJAMIN H. BODZY**
BAKER, DONELSON, BEARMAN,
    CALDWELL & BERKOWITZ, PC
211 Commerce Street, Suite 800
Nashville, TN 37201
(615) 726-5600
eplotkin@bakerdonelson.com
bbodzy@bakerdonelson.com

*Attorneys for the Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been served on the following via the Court's ECF filing system:

Edward R. Young,
BAKER, DONELSON, BEARMAN,
    CALDWELL & BERKOWITZ, PC
165 Madison Avenue, Suite 2000
Memphis, TN 38103
(901)577-2341
eyoung@bakerdonelson.com

Emily H. Plotkin
Benjamin H. Bodzy
BAKER, DONELSON, BEARMAN,
    CALDWELL & BERKOWITZ, PC
211 Commerce Street, Suite 800
Nashville, TN 37201
(615) 726-5600
eplotkin@bakerdonelson.com
bbodzy@bakerdonelson.com

*Attorney for Defendant*


on this the 12th day of April, 2011


                                    /s/ David W. Garrison
                                    DAVID W. GARRISON
                                    BARRETT JOHNSTON, LLC