# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| ANTHONY WOODS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| ) | |
| vs. ) | CASE NO. 3:11-0044 |
| ) | JUDGE TRAUGER/KNOWLES |
| ) | |
| ) | |
| RHA/TENNESSEE GROUP HOMES, ) | |
| INC., d/b/a Stones River Center, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Pursuant to Judge Trauger's previous Order (Docket No. 117), the undersigned held a recorded telephone conference call with counsel for the parties regarding a discovery dispute on July 19, 2011.

On the afternoon of July 18, 2011, counsel for Plaintiffs sent an e-mail letter with attachments concerning the dispute to Courtroom Deputy, Holly Vila. The Clerk is directed to file a copy of that letter and the attachments as part of the record in this case.

As is set forth in the letter, and as discussed in the conference call, the parties previously reached an agreement that Defendant did not have to produce certain documents that had been requested until thirty (30) days after the Notice period expired, or until thirty (30) days after the Court's ruling on the Motion for Conditional Certification, whichever was later. Plaintiffs' position is that that agreement can no longer be honored in view of the impending deadlines in this case, but Plaintiffs conceded that the Case Management Order was entered before the referenced agreement.

Defendant explained that it has never taken the position that it will not produce the documents. Defendant asks only that Plaintiffs abide by their agreement. Defendant states that part of the reason for the agreement was to allow Defendant to review its records for relevant documents only once or twice, rather than on numerous different occasions. Defendant states that none of its relevant records are electronic, but are all paper records. A previous review of Defendant's records with regard to a DOL issue took approximately 300 hours. If Defendant can wait until thirty (30) days after the certification in which to produce documents, it will not have to review its records multiple times, which the Court concludes would be burdensome.

The Court also notes that Plaintiffs had an option other than seeking to compel Defendant to produce documents at the present time. That option was to seek a revision of the Case Management Order.

For the foregoing reasons, the parties shall adhere to their agreement as discussed above.

IT IS SO ORDERED.

E. Clifton Knowles
United States Magistrate Judge